■ FRANCES STARKA, Respondent, et al., Plaintiff, v. HELLMUTH KALENSCHER, Appellant.— In a negligence action to recover damages for personal injury sustained by the plaintiff Frances Starka as a result of her fall down cellar stairs in the office of the defendant, a physician, the defendant appeals from a judgment of the Supreme Court, Kings County, entered May 2, 1963 after trial, upon a jury's verdict in favor of said plaintiff. The said female plaintiff was in defendant's office by reason of having accompanied her sick husband who had come to defendant for treatment. The husband's cause of action for loss of services was discontinued at the trial by reason of his death prior thereto. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. In the interests of justice a new trial is required for at least two reasons: (1) The charge to the jury bearing upon the issue of plaintiff's contributory negligence was in part self-contradictory and confusing. (2) The plaintiff's testimony, given through a Russion interpreter, was unclear and difficult to comprehend. The reason for this difficulty is disclosed by the record: The interpreter spoke to the plaintiff in Russian and she responded in the same language. She is a Lithuanian, however, and she spoke the Lithuanian language well but had limited knowledge of Russian and an equally limited capacity for comprehension and expression in that language. On the other hand, the interpreter spoke Russian well but had little or no knowledge of the Lithuanian language. The result, as indicated by the record, is that at critical times during the trial there was little rapport or mutual understanding between them and that, in consequence, it was difficult to frame proper questions or to obtain responsive answers. Under all the circumstances, a new trial should be had. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of BENJAMIN FEINBERG, Petitioner. EDWARD S. SILVER, as District Attorney of Kings County, Respondent.— Motion by petitioner for reinstatement as an attorney and counselor at law, granted; petitioner reinstated effective as of the date of entry of the order hereon. [For prior decision suspending petitioner see *Matter of Silver* v. *Feinberg,* 18 A D 2d 1082.] Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of ALBERT MARTIN COHEN, Petitioner. BROOKLYN BAR ASSOCIATION, Respondent.— Application by petitioner for reinstatement as an attorney and counselor at law, denied. [For prior decision, see *Matter of Cohen,* 18 A D 2d 927.] Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.